IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME HENRY HARRIS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JOHN PALKOVICH, THE DISTRICT )<br>ATTORNEY OF THE COUNTY OF )<br>PHILADELPHIA, and THE ATTORNEY )<br>GENERAL OF THE STATE OF )<br>PENNSYLVANIA, )<br>)<br>Respondents. ) | CIVIL ACTION<br>NO.  05-CV-6644 |

## ORDER

**AND NOW**, this 25th day of October 2006, upon consideration of the pleadings and record herein, and after review of the Report and Recommendation of United States Magistrate Judge Charles B. Smith, to which no party has filed objection, it is hereby **ORDERED** that:

    1.    The Report and Recommendation is **APPROVED** and **ADOPTED**;

    2.    The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is **DISMISSED** as untimely;[1] and

---

[1] As set forth in Magistrate Judge Smith's Report and Recommendation, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1).  While the statute of limitations in the AEDPA is subject to equitable tolling, it is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair."  Miller v. New Jersey State Dept. Of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  The petitioner "must show that he or she

      3.      There is no probable cause to issue a certificate of appealability.

The Clerk of Court is hereby directed to mark this case **CLOSED**.

It is so **ORDERED**.

                                          **BY THE COURT:**

                                          **/s/ Cynthia M. Rufe**
                                          Cynthia M. Rufe, J.

---

exercised reasonable diligence in investigation and bringing [the] claims. Mere excusable neglect is not sufficient." Id. at 618-19. The Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). Moreover, the Third Circuit has held that the statute is not tolled by the filing of a petition which is later dismissed without prejudice. See, e.g., Hull v. Kyler, 190 F.3d 88, 103-04 (3d Cir. 1999).

      Here, Petitioner Harris' conviction became final on May 14, 2002. Accordingly, Petitioner had one year from this date to file a petition for writ of habeas corpus. On October 30, 2002, 169 days into the one-year statute of limitations, Petitioner filed a Pennsylvania Post Conviction Relief Act ("PCRA") petition. As a result, the statute remained tolled until May 3, 2005, when the Supreme Court of Pennsylvania declined review. The statute of limitations thereafter resumed running, with approximately 196 days remaining, giving Petitioner until November 15, 2005, to file his petition. The current petition was not filed until December 1, 2005, however, thereby falling outside the statute of limitations. Although Petitioner had previously timely filed a petition for writ of habeas corpus in this Court, the petition was dismissed without prejudice on November 1, 2005, for failure to submit the five dollar filing fee, well after the Court noticed Petitioner to do so. See Nov. 1, 2005 Order, Civil Action No. 05-CV-5043. As previously noted, the statute of limitations is not tolled by the filing of a petition which is later dismissed without prejudice. See, e.g., Hull, 190 F.3d at 103-04.

      Moreover, even if this Court were to find the current habeas petition timely, Petitioner would not be entitled to relief for those reasons set forth in Magistrate Judge Smith's well reasoned and thorough Report and Recommendation as discussed on page seven of the Report, footnote four.